[Doc. Nos. 38, 41, 45]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| GARY J. HALL,<br><br>                    Plaintiff,<br><br>       v.<br><br>JUEL E. COLE, et al.,<br><br>                    Defendants. | Civil No. 08-5904 (NLH/AMD)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Presently before the Court are a number of motions filed by Plaintiff <u>Pro Se</u>, Gary J. Hall, concerning discovery requests. Specifically, Plaintiff has filed a motion captioned "First Request for Production of Documents" [Doc. No. 38], a "Motion for an Order 'Compelling Discovery'" [Doc. No. 41], and an "'Amendment' of Motion to Compel and 'Enlargement' of Time for Discovery" [Doc. No. 45].[1]  The Court has reviewed the submissions of the parties and has decided this matter pursuant to FED. R. CIV. P. 78.

Plaintiff's "First Request for Production of Documents" [Doc. No. 38] is not a motion seeking to compel discovery responses from Defendants, but is rather Plaintiff's document request served pursuant to FED. R. CIV. P. 34. (<u>See</u> Pl.'s "Amendment" of Motion to Compel [Doc. No. 45] 2 ¶ 2.)  Under Local Civil Rule 26.1(c)(1),

_____

1.  Plaintiff also filed a renewed motion to appoint counsel [Doc. No. 37] and a "Motion for 'Subpoena' of a NonParty Production of Documents" [Doc. No. 42].  The Court shall address these motions by separate Order.

interrogatories and document requests are not to be filed with the Court "until used in a proceeding or upon order of the Court." L. Civ. R. 26.1(c)(1). Rather, such papers are to be served "on other counsel or parties entitled thereto under Fed. R. Civ. P. 5 and 26(a)(4)." Id. Although the submission was docketed as a motion, Plaintiff does not appear to seek relief from the Court with respect to this submission. Accordingly, the Court dismisses without prejudice the motion [Doc. No. 38] to compel.

Plaintiff seeks, by way of a "Motion for an Order 'Compelling Discovery'" [Doc. No. 41], to compel Defendants Ronald Cox, Burlington County, Burlington County Board of Chosen Freeholders, Sergeant Michael Hall, Captain William McDonnell, Sergeant Enrique Hernandez, Captain Mildred Scholtz, Corrections Officer Barbara Minus, Lieutenant Matthew Lieth, Corrections Officer Keith Pearlman, Dean Barnes, and Corrections Officer Michael Sedeker to respond to the "First Request for Production of Documents" filed on August 17, 2009. In opposition to the motion, the individual corrections officer defendants represent that they did not receive Plaintiff's document request until August 20, 2009, and that their responses to the document request thus were not due at the time Plaintiff filed the motion to compel. (Letter from Timothy R. Bieg, Esq. [Doc. No. 43], Sept. 17, 2009.) The individual corrections officer defendants further represent that they are "in the process of responding to plaintiff's First Request for Production of Documents." (Id.) Defendants Burlington County and

2

Ronald Cox also filed opposition to Plaintiff's motion to compel, noting that they "have responded to all of plaintiff's discovery requests including the first request for production of documents." (Opp. to Mot. to Compel Discovery [Doc. No. 44] 2.)  These defendants further note that Plaintiff failed to comply with Local Civil Rule 37.1 insofar as he did not include with his motion to compel a certification setting forth his good faith efforts to resolve this discovery dispute prior to filing the motion.

Rule 37(a) of the Federal Rules of Civil Procedure provides that, on notice to other parties and all affected persons, "a party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1).  A motion to compel a discovery response is appropriate when "a party fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B).  Rule 34 requires a party served with a document request to "respond in writing within 30 days after being served." FED. R. CIV. P. 34(b)(2)(A).  In this case, Plaintiff filed the motion to compel responses to his document request before Defendants' time to respond under FED. R. CIV. P. 34(b)(2)(A) had expired.  Consequently, Plaintiff's motion to compel a discovery response is not appropriate under FED. R. CIV. P. 37(a)(3)(B).  Furthermore, Plaintiff failed to comply with Rule 37.1(b)(1) of the Local Civil Rules for the District of New Jersey, which provides that all discovery motions "must be accompanied by an affidavit certifying that the moving party has conferred with

3

the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that the parties have been unable to reach agreement. The affidavit shall set forth the date and method of communication used in attempting to reach agreement." L. CIV. R. 37.1(b)(1).  In addition, Plaintiff does not articulate what discovery remains outstanding from Defendants Burlington County and Ronald Cox, and these defendants represent that they fully responded to all of Plaintiff's discovery requests.  Accordingly, Plaintiff's motion [Doc. No. 41] to compel discovery is denied without prejudice.

In his "'Amendment' of Motion to Compel and 'Enlargement' of Time for Discovery," Plaintiff requests an extension of time to file a motion to compel Defendants to answer interrogatories.  In support, Plaintiff states that he "just recently" prepared interrogatories which will be served on Defendants prior to the discovery end date of October 2, 2009, but Defendants' responses will not be due prior to the discovery end date.  ("'Amendment' of Motion to Compel Discovery and 'Enlargement' of Time for Discovery" [Doc. No. 45] 3.)  Plaintiff asserts that the process of preparing interrogatories has been "slow" given the conditions of his confinement, and that his time to work on this case is "severely limited" by his daily work schedule.  (Id.)  Plaintiff seeks an extension of time to file a motion to compel, should such motion be necessary in the event Defendants fail to answer the interrogatories in accordance with the court rules.  (Id.)

Pursuant to the July 2, 2009 Order, "[a]ll discovery motions and applications pursuant to L. CIV. R. 37.1(a)(1)" are required to be made "before the expiration of pretrial factual discovery" on October 2, 2009. (Order [Doc. No. 34], July 2, 2009.) The Order further provided that "all pre-trial discovery shall be concluded by October 2, 2009." (Order [Doc. No. 34], July 2, 2009.) It appears from Plaintiff's submission that discovery will not be "concluded" by the discovery end date because Defendants' answers to Plaintiff's interrogatories will not be due before October 2, 2009. Defendants have not filed any opposition to Plaintiff's request. In addition, Plaintiff has set forth the discovery efforts that he has pursued and asks for a very short extension, and only for the purpose of filing discovery motions. Plaintiff does not seek an extension of any other deadlines in the July 2, 2009 Order. Moreover, Plaintiff filed the request prior to the expiration of the deadline for which an extension is sought. Accordingly, the Court finds good cause to extend the time to complete discovery and file discovery motions, and the schedule set forth in the July 2, 2009 Order shall be amended to extend fact discovery to November 15, 2009.

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this 25th day of September 2009,

**ORDERED** that Plaintiff's "First Request for Production of Documents" [Doc. No. 38], insofar as such submission is docketed as

a motion to compel, shall be, and is hereby, **DISMISSED WITHOUT PREJUDICE**; and it is further

ORDERED that Plaintiff's "Motion for an Order 'Compelling Discovery'" [Doc. No. 41] shall be, and is hereby, **DENIED WITHOUT PREJUDICE**; and it is further

ORDERED that Plaintiff's request for an extension of time to file discovery motions and applications pursuant to L. CIV. R. 37.1(a)(1), as set forth in Plaintiff's "'Amendment' of Motion to Compel and 'Enlargement' of Time for Discovery" [Doc. No. 45], shall be, and is hereby, **GRANTED**; and it is further

ORDERED that the time for the completion of fact discovery is extended to **November 15, 2009**; and it is further

ORDERED that all discovery motions and applications pursuant to L. CIV. R. 37.1(a)(1) shall be made on or before **November 15, 2009**. All other deadlines set forth in the July 2, 2009 Order shall remain in effect.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Noel L. Hillman

6